```
 1  GOLD and HAMMES, Attorneys #80100 & 80149
    1570 The Alameda #223
 2  San Jose CA 95126
    (408) 297-8750
 3  Attorneys for Debtor(s)
```

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

In re:  JOSE EBUEN EDQUILANG          Chapter 13
        NONET BANES EDQUILANG         Case No.  09-5-3838 SLJ

                                      NOTICE OF MOTION TO VALUE AND RENDER
                                      UNENFORCEABLE THE LIEN SECURED BY
                                      DEBTOR(S)' REAL PROPERTY AND OF THE
                                      OPPORTUNITY FOR HEARING
        Debtor(s)                     RE CREDITOR: FIRST HORIZON HOME LOAN CORPORATION;
        _____/                     FIRST TENNESSEE BANK, NA

TO ALL PARTIES IN INTEREST:

NOTICE IS HEREBY GIVEN that Debtor(s) have moved this Court for an order valuing the lien

of Creditor, its successor, transferee, servicer, agent, or assign, and ordering that said lien be

unenforceable, a copy of which is attached hereto.

Bankruptcy Local Rule 9014-1 of the United States Bankruptcy Court for the Northern District of

California prescribes the procedures to be followed:

(i) That any objection to the requested relief, or a request for hearing on the matter, must be filed and served upon the initiating party within 21 days of mailing of the notice;
(ii) That a request for hearing or objection must be accompanied by any declarations or memoranda of law the party objecting or requesting wishes to present in support of its position;
(iii) That if there is not a timely objection to the requested relief or a request for hearing, the Court may enter an order granting the relief by default; and
(iv) Either:
  (a) That the initiating party will give at least 7 days written notice of hearing to the objecting or requesting party, and to any trustee or committee appointed in the case, in the event an objection or request for hearing is timely made; or
  (b) The tentative hearing date. A tentative hearing shall be set at least 14 days after the last date for parties to file objections or requests for hearings… The tentative hearing will not go forward unless an objection or request for hearing is timely filed and served, in which case the party initiating the proceedings under B.L.R. 9014-1(b)(3) shall file and serve not less than 7 days before the hearing, notice that the tentative hearing will be conducted as an actual hearing. Such Notice of Hearing is to be in writing, and is to be given to the objecting or requesting party, any trustee … and the Court. The Court will not schedule the matter on the judge's calendar unless the Notice of Hearing has been filed and served timely. The initiating party shall also give 7 days telephonic notice to the Judge's Calendar Clerk/Courtroom Deputy that the tentative hearing will be an actual hearing.

1

Case: 09-53838    Doc# 40    Filed: 12/09/10    Entered: 12/09/10 14:38:37    Page 1 of 2

The addresses to file and serve a request for hearing are:

| Court: | Debtor(s) Attorney: | Chapter 13 Trustee: |
|---|---|---|
| U.S. Bankruptcy Court | Gold & Hammes, Attorneys | Devin Derham-Burk, Trustee |
| 280 S. First St, Rm 3035 | 1570 The Alameda #223 | PO Box 50013 |
| San Jose CA 95113 | San Jose CA 95126 | San Jose CA 95150 |

Pursuant to B.L.R. (Bankruptcy Local Rule) 9014-1 above, IF YOU REQUEST A HEARING within the twenty-one days, this is notice that a **tentative** hearing is set for Jan. 18, 2011 [at least 35 days from service] at 10:30 AM at the United States Bankruptcy Court, 280 S. First St, San Jose CA 95113, in Courtroom 3020. Except as otherwise ordered by the court, the initial hearing will not be an evidentiary hearing and will serve as a status conference at which the court may schedule any evidentiary hearing necessary. If you have not requested a hearing within the twenty-one days, there will be no hearing. The hearing will not be set on the court's calendar unless you request a hearing. Refer to B.L.R. 9014-1 for additional rules applicable to this motion.

Dated: 11-30-10

Norma Hammes
GOLD and HAMMES,
Attorneys for Debtor(s)

2